UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERZY A. JASNOSZ,<br><br>    Plaintiff,<br><br>  v.<br><br>J.D. OTT COMPANY, INC.,<br><br>    Defendant. | CASE NO. C09-0952JLR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR CONTINUANCE |

## I. INTRODUCTION

Before the court is *pro se* Plaintiff Jerzy A. Jasnosz's motion to continue all pretrial deadlines in this case, including the deadline for motions in limine and the deadline for counsel's pretrial conference (Mot. I (Dkt. # 71)), as well as Mr. Jasnosz's declaration and motion for a continuance of the court's scheduling order deadlines (Mot. II (Dkt. # 78)).  Having considered both motions, as well as the submissions of Defendant J.D. Ott Company, Inc. ("J.D. Ott") filed in opposition (Dkt. ## 76 & 77), the court DENIES Mr. Jasnosz's motions for continuance (Dkt. ## 71 & 78).

ORDER- 1

## II. BACKGROUND

Mr. Jasnosz has moved for an order continuing the case schedule deadlines in this matter. (Mot. I at 1; Mot. II at 4.) Specifically, Mr. Jasnosz requests an undefined continuance of the April 5, 2011 deadline for motions in limine, the April 4, 2011 deadline for the parties' pretrial conference pursuant to Western District of Washington Local Rule CR 16(k), and the trial date.[1] (*See* Mot. I at 1; Mot. II at 4.) Mr. Jasnosz previously has moved for similar continuances of case schedule deadlines (*see* Dkt. ## 28, 33, 38 & 39), which the court has denied (Dkt. # 43).

Mr. Jasnosz's primary justification for the requested continuances is a three-day delay in the service of J.D. Ott's pretrial statement. (Mot I at 1; Mot. II at 2.) Due to an apparent administrative error, J.D. Ott's pretrial statement, which should have been placed in the mail to Mr. Jasnosz on Friday, March 25, 2011, was not postmarked until Monday, March 28, 2011.[2] (*See* Mot. I at 4; Lennon Decl. (Dkt. # 77) ¶¶ 2-3.) When Mr. Jasnosz informed counsel for J.D. Ott on Tuesday, March 29, 2011, that he had not yet received J.D. Ott's pretrial statement, counsel for J.D. Ott offered to have a copy of its pretrial statement delivered to Mr. Jasnosz via messenger that day. (Lennon Decl. ¶ 4.) Mr. Jasnosz declined J.D. Ott's offer. (*Id.*) Mr. Jasnosz did confirm, however, that

---

[1] Mr. Jasnosz requests "a new trial." (Mot. I at 1.) As J.D. Ott points out, a new trial may only be granted after a first trial has occurred. (Resp. (Dkt. # 76) at 5 (citing Fed. R. Civ. P. 59(a)(1)).) While Mr. Jasnosz's motions are at times difficult to discern, the court interprets Mr. Jasnosz's request to be for a new trial date, and not for a new trial.

[2] J.D. Ott filed a copy of its pretrial order with the court on Friday, March 25, 2011. (Dkt. # 65.)

ORDER- 2

1  he received a copy of J.D. Ott's pretrial statement in the mail on March 30, 2011. (*Id.* ¶
2  5; Mot. I at 1, 2; Mot. II at 2.)

3       On April 1, 2011, Mr. Jasnosz met with counsel for J.D. Ott to confer about both
4  parties' proposed motions in limine. (Lennon Decl. ¶ 6.) J.D. Ott filed its motions in
5  limine on April 5, 2011. (Dkt. # 68.) Mr. Jasnosz has failed to file any motions in
6  limine, timely or otherwise, and has also failed to timely respond to J.D. Ott's motions in
7  limine. Instead, on April 6 and April 11, 2011, Mr. Jasnosz filed the two motions at issue
8  here seeking continuances of the case schedule. (*See* Dkt. ## 71, 78.)

9       Mr. Jasnosz also generally asserts that his age (63), health problems including
10  visual and manual dexterity issues, his meager financial resources, and his lack of legal
11  representation, in addition to the delay in receipt of J.D. Ott's pretrial statement, warrant
12  a blanket continuance of the court's pretrial schedule and trial date. (Mot. II at 2.)

13       The deadline for filing the parties' agreed pretrial order was April 14, 2011.
14  (Scheduling Ord. (Dkt. # 15) at 2.) Consequently, the deadline for the parties' pretrial
15  conference was Thursday, April 4, 2011. *See* Local Rules W.D. Wash. CR 16(k) ("Not
16  later than ten days prior to the filing of the proposed pretrial order, there shall be a
17  conference of attorneys for the purpose of accomplishing the requirements of this rule.").
18  The parties initially scheduled their pretrial conference for April 4, 2011. (Lennon Decl.
19  ¶ 7.) However, on the morning of April 4, 2011, Mr. Jasnosz asked counsel for J.D. Ott
20  to postpone the parties' Rule 16(k) pretrial conference. (*Id.*) Counsel for J.D. Ott agreed
21  to postpone the conference until April 7, 2011. (*Id.*) On Thursday, April 7, 2011, the
22  parties met for approximately four hours, but were unable to complete their pretrial

ORDER- 3

conference. (*Id.*)  The parties agreed to continue the conference on Friday, April 8, 2011, but Mr. Jasnosz cancelled that morning. (*Id.*)  The parties met again on Tuesday, April 12, 2011 for more than three hours. (*Id.* ¶ 8.)  On Thursday, April 14, 2011, J.D. Ott filed a proposed pretrial order. (Dkt. # 79.)  Despite the above-described, extensive meetings between the parties in preparation for submission of an agreed pretrial order, Mr. Jasnosz neither joined in J.D. Ott's proposed pretrial order, nor timely filed his own, separate proposed pretrial order.

### III. ANALYSIS

Federal Rule of Civil Procedure 16(b) provides that a pretrial scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  Further, the court's scheduling order itself states that "[t]he court will alter [the scheduling order's] dates only upon good cause. . . ." (Scheduling Ord. at 2.)

Mr. Jasnosz has failed to establish good cause for a continuance of the deadlines for filing motions in limine, completion of the parties' pretrial conference, or any other pretrial deadline.  Mr. Jasnosz has also failed to establish good cause for a continuance of the trial date.  Although counsel for J.D. Ott should have done more to ensure timely service of its pretrial statement, Mr. Jasnosz fails to explain how late service of the pretrial statement by one court day justifies a blanket extension of the case schedule deadlines, including the deadline for motions in limine or the parties' pretrial conference.

1 Further, Mr. Jasnosz fails to explain how he is prejudiced by J.D. Ott's delay, particularly
2 in light of his refusal of J.D. Ott's offer deliver a copy of the pretrial statement to him via
3 messenger on March 29.

4     In addition, Mr. Jasnosz's complaints concerning his age, financial circumstances,
5 lack of counsel, and health concerns, do not constitute good cause for an extension of the
6 case schedule. The court notes that despite all of these issues, Mr. Jasnosz has been able
7 to file numerous requests for extensions of the case schedule (*see, e.g.,* Dkt. ## 28, 33,
8 38, 39, 71 & 78), and even to appeal one of the court's orders denying a continuance of
9 the case schedule to the Ninth Circuit Court of Appeals (albeit unsuccessfully) (*see* Dkt.
10 ## 58, 64). If Mr. Jasnosz, despite the various disadvantages he asserts above, can
11 manage to litigate these procedural issues so extensively, then the court finds that he is
12 capable of litigating the substance of his claims as well. Accordingly, the court finds that
13 Mr. Jasnosz has failed to establish good cause for a continuance of any of the deadlines in
14 the case schedule or the trial date in this matter.

15                       **IV. CONCLUSION**

16     For the foregoing reasons, the court DENIES Mr. Jasnosz's motions (Dkt. ## 71,
17 78) for a continuance of any deadline contained within the case scheduling order,

18
19
20
21
22

ORDER- 5

1 | including the deadlines for motions in limine, the parties' pretrial conference, and the
2 | trial date.

3       Dated this 15th day of April, 2011.

                                      JAMES L. ROBART
                                      United States District Judge

ORDER- 6