UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERZY A. JASNOSZ,<br><br>           Plaintiff,<br><br>    v.<br><br>J.D. OTT COMPANY, INC.,<br><br>           Defendant. | CASE NO. C09-0952JLR<br><br>ORDER DENYING MOTION FOR MODIFICATION OF THE JURY'S VERDICT AND FOR A NEW TRIAL |

### I.    INTRODUCTION

Before the court is pro se Plaintiff Jerzy A. Jasnosz's motion for modification of the jury's verdict and for a new trial (Dkt. # 129), Mr. Jasnosz's motion for an extension of time to file his reply memorandum (Dkt. # 146), and Defendant J.D. Ott Company, Inc.'s ("J.D. Ott") motion to strike Mr. Jasnosz's reply memorandum (Dkt. # 151). Having reviewed the motions, the submissions of the parties, and the relevant law, the court DENIES Mr. Jasnosz's motion for modification of the jury's verdict and for a new trial (Dkt. # 129), GRANTS his motion for an extension of time to file his reply

ORDER- 1

memorandum (Dkt. # 146), and DENIES J.D. Ott's motion to strike his reply (Dkt. # 151).[1]

## II. BACKGROUND

Mr. Jasnosz sued his former employer, J.D. Ott, on claims of hostile work environment, intentional infliction of emotional distress, and retaliation. The court dismissed Mr. Jasnosz's claims for hostile work environment and intentional infliction of emotional distress as a matter of law.[2] (*See* Min. Entry (Dkt. # 109).) Mr. Jasnosz's claim for retaliation was submitted to the jury. The jury returned a verdict in favor of Mr. Jasnosz, but awarded him $0 in damages.

Pursuant to Federal Rules of Civil Procedure 60(b)(1), (2), (3), and (6), Mr. Jasnosz seeks relief from the final judgment in this matter. (Mot. (Dkt. # 129) at 2.) Pursuant to Rules 59(a)(1)(A) and 59(d), Mr. Jasnosz also requests a new trial on his retaliation claim. (*Id.*) Although Mr. Jasnosz's pro se pleading is sometimes difficult to interpret, Mr. Jasnosz appears to make the following arguments in his motion. Mr. Jasnosz argues that the jury should have awarded him some amount of damages. (*Id.* at 2.) Mr. Jasnosz also asserts that J.D. Ott and its counsel made fraudulent statements or

---

[1] No party has requested oral argument, and the court deems oral argument to be unnecessary here.

[2] In his motion, Mr. Jasnosz does not challenge or seek modification of the court's judgment dismissing these claims. (*See* Mot. (Dkt. # 129).)

otherwise committed misconduct during the trial.[3] (*Id.* at 2, 5.) Mr. Jasnosz also appears to argue that the jury should have had access to a document entitled, "Time Off Request" (which he submitted as Exhibit A to his motion) because this document might have provided information responsive to a question that the jury submitted to the court during its deliberations. (*Id.* at 3-4 & Exs. A & B.) The court notes, however, that although Mr. Jasnosz had access to this document at least by the time of trial, he did not mark or offer it as an exhibit. Finally, Mr. Jasnosz also asserts in his reply memorandum that he should be awarded a new trial due to alleged discovery or other trial abuses by J.D. Ott. (Reply (Dkt. # 148) at 2-3, 6.)

### III.  ANALYSIS

**A.  Federal Rule of Civil Procedure 60(b)**

Rule 60(b) sets forth the specific limited grounds upon which a court may relieve a party from a final judgment. Fed. R. Civ. P. 60(b). Mr. Jasnosz asserts that the judgment on the jury's verdict in this case, which was entered in his favor, should be set aside pursuant to Rule 60(b)(1), (2), (3), and (6). A motion under Rule 60(b) is addressed to the court's sound discretion. *Civic Ctr. Square v. Ford (In re Roxford Foods),* 12 F.3d 875, 879 (9th Cir. 1993). None of the subsections of Rule 60(b) relied upon by Mr. Jasnosz provide grounds for relief from the judgment here.

---

[3] In his reply memorandum, Mr. Jasnosz lists an assortment of arguments, statements and other evidence from the trial with which he disagrees and repeatedly refers to as "fraudulent," "false," or "misleading." (Reply (Dkt. # 148) at 4-7.)

Rule 60(b)(1) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Mr. Jasnosz has not made a showing that would warrant relief from the judgment under this subsection. The jury entered a verdict in favor of Mr. Jasnosz. Although the jury awarded him no damages, Mr. Jasnosz has provided no explanation or argument concerning why the jury's damages calculation was in error. Although he may believe that the jury's award of $0 was a mistake, this is not grounds for relief under Rule 60(b)(1). The relief provided under Rule 60(b)(1) is not applicable to alleged jury mistakes. *See, e.g., Robinson v. City of Harvey,* No. 99 C 3696, 2003 WL 21696191, at *5 (N.D. Ill. July 21, 2003) (Rule 60(b)(1) applies to mistakes by court or counsel, but not to alleged mistakes by the jury); *Branson v. Fire Ins. , Inc.,* 79 F.R.D. 662, 664 (D.S.D. 1978) ("It is clear that the 'mistake' referred to by [Rule 60(b)(1)] is not a mistake on the part of the jury . . . [, but] a mistake made by the court or counsel.").

Further, the fact that Mr. Jasnosz chose not to seek to admit or inadvertently failed to admit the "Time Off Request" as an exhibit at trial does not warrant relief under this section either. As the Ninth Circuit has explained, generally neither "ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1)." *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn,* 139 F.3d 664, 665-66 (9th Cir. 1997); *Russell v. Mountain Park Health Cent.,* No. CV 07-0875-PHX_NVW, 2008 WL 2959773, at *1 (D. Ariz. July 31, 2008). Mr. Jasnosz's pro se status does not alter this analysis. *See, e.g., Stockton v. Billings,* No. 1:10-cv-00586-JLT HC, 2010 WL 2402841, at *1 n.1 (E.D. Cal. June 10, 2010) ("Ground one [of rule 60(b)] is not satisfied

simply because Petitioner lacks legal training."); *Schussler v. Webster,* No. 07cv2016 IEG(AGB), 2009 WL 648925 (S.D. Cal. Mar. 9, 2009) (pro se party is not entitled to relief under Rule 60(b)(1) merely because he lacked legal training to properly defend case on merits); *Sudduth v. Griffis,* No. CV 08-4563 PSG (JWJx), 2009 WL 592626, at *1 (C.D. Cal. Mar. 5, 2009) ("[T]he simple fact that [plaintiff] is proceeding pro se is not reason enough to grant relief under Rule 60(b)(1). Competent attorneys make [similar] mistakes . . . .").

Mr. Jasnosz appeared at trial and put on his case. He presented testimony and sought and was granted permission to enter exhibits. "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret." *Latshaw v. Trainer Wortham & Co.,* 452 F.3d 1097, 1101 (9th Cir. 2006). Because Mr. Jasnosz has offered no explanation for his failure to seek admission of the exhibit at issue during trial, and given all of the circumstances, the court cannot conclude in its discretion that relief under Rule 60(b)(1) is warranted.

Mr. Jasnosz may be trying to argue that if the court were to vacate the judgment and allow him to re-open discovery, then he would be able to discover new evidence that would allow a jury to award him damages greater than $0. (*See* Jasnosz Surreply (Dkt. # 153) at 3.) Mr. Jasnosz asserts that the court erred in denying his motion to extend all deadlines in the case schedule order by 120 days so that he could move to compel additional or more thorough discovery responses from J.D. Ott. (Mot. at 2; Reply at 2-3.) As the court noted in its prior order, however, Mr. Jasnosz provided no explanation as to why he had not brought a motion to compel within the time limits provided by the court,

and did not demonstrate good cause for a modification of the case schedule order. (*See* Dkt. # 43.) Accordingly, the court's denial of Mr. Jasnosz's motion to extend the case schedule deadlines does not warrant relief under Rule 60(b)(1). *See, e.g. Randle v. Alameida,* No. CV F 03 6313 REC SMS P, 2007 WL 137277, at *2 (E.D. Cal. Jan. 17, 2007) ("The Court finds Plaintiff's justification for failing to conduct discovery in a timely fashion does not warrant relief under Rule 60(b)(1).").

Mr. Jasnosz is also not entitled to relief under Rule 60(b)(2) for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Mr. Jasnosz has provided no evidence or argument that he has newly discovered evidence that would warrant relief from the judgment here. He does not allege nor argue that the document entitled "Time Off Request," which he attaches as Exhibit A to his motion, is newly discovered evidence. Indeed, J.D. Ott asserts that Mr. Jasnosz knew about this document by at least the time of trial. (Resp. (Dkt. # 142) at 3.) Mr. Jasnosz never disputes this assertion, or provides any alternate explanation as to the timing or circumstances of his discovery of this document. (*See generally* Reply & Jasnosz Surreply.) "Evidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial. . . ." *Coastal Transp. Co. v. Toyota Motor Sales, U.S.A.,* 833 F.2d 208, 212 (9th Cir. 1987). In addition, Mr. Jasnosz has known the facts underlying the exhibit at issue since before the start of this litigation. *Rischer v. Banlavoura I, Inc.,* 376 F. App'x 778, 778-79 (9th Cir. 2010) (unpublished) ("Evidence is not new when the facts on which it is

based had been in the moving party's possession since the start of the litigation.").
Accordingly, he is not entitled to relief from the judgment under Rule 60(b)(2).

Mr. Jasnosz also is not entitled to relief under Rule 60(b)(3) for fraud, misrepresentation, or misconduct by J.D. Ott. *See* Fed. R. Civ. P. 60(b)(3). To prevail on a motion based on Rule 60(b)(3), Mr. Jasnosz must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or misconduct by J.D. Ott that prevented him from fully and fairly presenting his case. *See De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir. 2000); *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878-79 (9th Cir. 1990). Rule 60(b)(3) is aimed at judgments that were unfairly obtained, not those which are factually incorrect. *De Saracho,* 206 F.3d at 880. Although Mr. Jasnosz repeatedly accuses J.D. Ott of various misrepresentations during trial and pretrial discovery abuses, he presents no evidence to back up his accusations, and accordingly fails to meet the clear and convincing evidentiary standard required under Rule 60(b)(3).

Finally, Mr. Jasnosz is not entitled to relief under the catch-all provision of Rule 60(b)(6). This provision allows for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Judgments are rarely set aside under Rule 60(b)(6). The Rule is "used sparingly as an equitable remedy to prevent manifest injustice" and "is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent . . . an erroneous judgment." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993). A party who moves for relief under this provision "must demonstrate both injury and circumstances beyond his

control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir. 2002). Mr. Jasnosz has raised no extraordinary circumstances warranting relief under Rule 60(b)(6). Accordingly, the court denies Mr. Jasnosz's Rule 60(b) motion.

**B. Federal Rule of Civil Procedure 59(a) & 59(d)**

Mr. Jasnosz also seeks a new trial on his retaliation claim, under Rule 59(a)(1)(A) and (d).[4] (Mot. at 2.) Rule 59(a) states that the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Rule 59(d) applies where "the court, on its own, . . . order[s] a new trial for any reason that would justify granting one on the party's motion . . . ." Fed. R. Civ. P. 59(d). Accordingly, Rule 59(d) is inapplicable here. The court, however, will consider Mr. Jasnosz's motion pursuant to Rule 59(a)(1)(A).

The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Passantino v. Johnson & Johnson Consumer Prods.,* 212 F.3d 493, 510 n.15 (9th Cir. 2000). A trial court's refusal to grant a new trial will be reversed only for an abuse of discretion. *Wharf v. Burlington N. R.R. Co.,* 60 F.3d 631, 637 (9th Cir. 1995).[5]

---

[5] The Ninth Circuit has noted, "Rule 59 does not specify the grounds on which a motion for a new trial may be granted." *Zhang v. Am. Gem Seafoods, Inc.,* 339 F.3d 1020, 1035 (9th Cir.2003). Rather, the court is "bound by those grounds that have been historically recognized." *Id.* Historically recognized grounds include, but are not limited to, claims "that the verdict is

ORDER- 8

Mr. Jasnosz has failed to establish adequate grounds for a new trial. As the court noted above, although Mr. Jasnosz states repeatedly that J.D. Ott presented false evidence at trial, he provides no evidence to substantiate his claims. The fact that Mr. Jasnosz disagrees with the testimony provided by J.D Ott's witnesses does not make such testimony false or perjurious. Mr. Jasnosz had the opportunity to provide the jury with his testimony and other evidence to set forth his view of the events that led to his termination by J.D. Ott. The jury weighed the evidence provided by both sides and rendered a verdict, as is its proper role. Indeed, in this instance, the jury returned a verdict in Mr. Jasnosz's favor.

Mr. Jasnosz also asserts misconduct on the part of J.D. Ott's counsel. He asserts that they did not properly respond to discovery requests and presented false arguments at trial. To justify a new trial based on the alleged misconduct of J.D. Ott's counsel, Mr. Jasnosz must demonstrate that the alleged misconduct "sufficiently permeated an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching it verdict." *Kehr v. Smith Barney, Harris Upham & Co, Inc.,* 736 F.2d 1284, 1286 (9th Cir. 1984). As discussed above with regard to Mr. Jasnosz's motion under Rule 60(b), Mr. Jasnosz has provided no such evidence. Finally, as also discussed above, Mr. Jasnosz has failed to establish any newly discovered evidence that might warrant a new trial. Accordingly, the court denies his motion for a new trial.

---

against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan,* 311 U.S. 243, 251 (1940).

## IV. CONCLUSION

Based on the foregoing reasons, the court DENIES Mr. Jasnosz's motion for modification of the jury's verdict and for a new trial (Dkt. # 129). In addition, the court GRANTS Mr. Jasnosz's motion for an extension of time to file his reply memorandum (Dkt. # 146), and DENIES J.D. Ott's motion to strike his reply (Dkt. # 151).

Dated this 12th day of August, 2011.

JAMES L. ROBART
United States District Judge