UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERZY A. JASNOSZ,<br><br>        Plaintiff,<br><br>v.<br><br>J.D. OTT COMPANY, INC.,<br><br>        Defendant. | CASE NO. C09-0952JLR<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO RE-TAX COSTS AND FOR AN EXTENSION OF TIME TO FILE A NOTICE OF APPEAL |

## I.    INTRODUCTION

Before the court are two motions: (1) *Pro se* Plaintiff Jerzy A. Jasnosz's motion for an extension of time to file a notice of appeal (Dkt. # 162); and (2) Mr. Jasnosz's motion to re-tax costs (Dkt. # 161). Having reviewed both motions, as well as all materials filed in support and in opposition thereto, the court DENIES both motions.

## II.    ANALYSIS

Mr. Jasnosz seeks an extension of time to file a notice of appeal in the referenced action. (Mot. to Extend (Dkt. # 162).) The court has discretion to extend the time to file

ORDER- 1

a notice of appeal if the party so moves no later than 30 days after the time prescribed by Rule of Appellate Procedure 4(a) expires and demonstrates excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Irrespective of whether Mr. Jasnosz has timely filed his motion to extend the time to file a notice of appeal, he has failed to demonstrate either good cause or excusable neglect. Mr. Jasnosz's reasons for seeking an extension of time include: (1) his uncertainty regarding whether or not Defendant J.D. Ott Company ("J.D. Ott") would file other motions, including motions to reconsider prior court rulings, in this action, (2) the pendency of Mr. Jasnosz's motion to re-tax costs to J.D. Ott, and (3) his need for time to analyze portions of the trial transcript. (*See* Reply (Dkt. # 165) at 2.) None of these reasons establish good cause or excusable neglect justifying an extension of time to file an appeal. As the court has previously noted, "a party's need to review the record is a 'typical prefatory step[] common to the appeal process,' and is 'expected to be complete within the thirty-day period prescribed by Fed. R. App. P. 4(a)(1).'" (June 30, 2011 Order (Dkt. # 139) at 3 (quoting *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004).) All of the reasons for an extension of time cited by Mr. Jasnosz are typical of the circumstances experienced by any litigant when considering whether to appeal. These typical circumstances do not establish either "good cause" or "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5). Accordingly, the court DENIES Mr. Jasnosz's motion to extend the time to file a notice of appeal (Dkt. # 162).

Mr. Jasnosz also moved for an order re-taxing costs that the court clerk awarded against him to J.D. Ott. (Mot. to Re-Tax (Dkt. # 161).) The clerk taxed costs in the

amount of $355.29 against Mr. Jasnosz pursuant to Federal Rule of Civil Procedure 68. (*See* Order re: Bill of Costs (Dkt. # 160).) The court considers Mr. Jasnosz's motion to be an appeal to the court of the clerk's order. *See* W.D. Wash. Local Rules CR 54(d) ("The taxation of costs by the clerk shall be final, unless modified on appeal to the district court judge . . . to whom the case was assigned.").

J.D. Ott made an offer of judgment to Mr. Jasnosz, which Mr. Jasnosz did not accept. Although the jury returned a verdict in Mr. Jasnosz's favor, the jury's award was not more favorable than J.D. Ott's offer of judgment. Mr. Jasnosz asserts that J.D. Ott's offer of judgment was somehow "defective" or in "bad faith" due to J.D. Ott's failure to properly respond to discovery requests or misconduct at trial. These allegations are unsupported. The Ninth Circuit has stated:

> Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer. . . . The award is mandatory; Rule 68 leaves no room for the court's discretion.

*United States v. Trident Seafoods Corp.*, 92 F.3d 855, 859 (9th Cir. 1996) (internal citations omitted). Mr. Jasnosz has failed to state any legitimate reason why J.D. Ott should not be awarded costs pursuant to Federal Rule Civil Procedure 68(d), and Rule 68(d) does not accord the court any discretion. Accordingly, the court DENIES his motion to "re-tax" costs (Dkt. # 161).

### III. CONCLUSION

Based on the foregoing, the court DENIES Mr. Jasnosz's motions for an extension

of time to file an appeal (Dkt. # 162) and to re-tax costs to J.D. Ott (Dkt. # 161).

Dated this 31st day of October, 2011.

JAMES L. ROBART
United States District Judge

ORDER- 4